UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FERNANDO VALDES,<br><br>　　　　　　　　　　　Defendant. | Case No.: 15CR2822-CAB<br><br>**Order Denying Motion to Reduce Sentence**<br>**[Doc. No. 308]** |

Before the Court is defendant Fernando Valdes' motion to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i), due to the potential threat to his health posed by the COVID-19 pandemic. [Doc. No. 308.] Government opposed. [Doc. No. 314.] Defendant filed a reply. [Doc. No. 315.] The Court finds the motion suitable for determination on the papers. The motion is DENIED without prejudice.

I.　　Background

The Defendant was sentenced on December 23, 2019, by this Court to eight months in the custody of the Bureau of Prisons (BOP), followed by a three- year term of supervised release, for conspiracy to commit honest services fraud and health care fraud. [Doc. No. 294]. At this time, he has completed approximately three and a half months of his term of incarceration.

On April 8, 2020, the defendant submitted a request to the FPC Lompoc Unit Manager, copying the Acting Warden, for a transfer to home confinement for the completion of his sentence, citing the CARES Act criteria. [Doc. No. 308-1, at 4.]

Specifically, the defendant argued he has a suitable confinement plan if released, poses no risk to society and has a low PATTERN score, qualifying him for consideration for release to home confinement. Noteably, the defendant indicated he had no personal health risks, stating "at 55 years old, I am relatively healthy" but argued that he should not be subject to continued potential exposure to the COVID-19 virus in the BOP facility. [Id.]

On April 9, 2020, defendant's counsel followed up the defendant's email to the BOP requesting the defendant's transfer to home confinement[1] stating that he is at increased risk for more severe complications if he contracts the virus because his blood sugar levels showed him to be pre-diabetic. [Id., at 9.] After some additional communications to the BOP, on April 28, 2020, defendant's counsel made a formal request on the defendant's behalf, pursuant to 28 C.F.R. § 571.61, that the BOP file a motion for a reduction in the defendant sentence with this Court, on the basis that he meets the "extraordinary and compelling" standard provided by 18 U.S.C. § 3582(c)(1)(A), because his age and pre-diabetic health condition create the potential for severe complications should he contract the COVID-19 virus in custody. [Id., at 6-7.] Eight days later, on May 6, 2020, the defendant filed his motion with the Court for a reduction in his sentence.

II.     Exhaustion Requirement

Under 18 U.S.C § 3582(c), a court may not modify a term of imprisonment once it has been imposed except upon motion of the Director of the BOP, or upon motion of the defendant. Before filing such a motion on his own, the defendant must first petition the BOP to file such a motion on his behalf. A court may grant the defendant's own motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the

---

[1] Counsel's email states the defendant is "close to the end of his sentence" with a scheduled release date less than six months away. This is a rather misleading representation suggesting the defendant had already served a significant portion of his sentence. Based on his sentence of eight months in custody, at the time of counsel's email, the defendant's completion of two months in custody left him much closer to the start than the end of his sentence.

defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Proper exhaustion is a prerequisite to the defendant initiating the motion for sentence reduction. The statute requires defendant exhaust administrative remedies or wait 30 days before moving in court for a sentence reduction. Section 3582(c) states that a court may not modify a term of imprisonment except when these conditions are met. There is no statutory exception excusing the exhaustion requirement. Before the court may even consider whether the defendant's circumstances are extraordinary and compelling to justify a sentence reduction, the defendant must first demonstrate he has met the criteria for bringing his motion to the court.

Defendant filed his motion on May 6, 2020. At that time, he had not met the exhaustion requirements.

The 30 days have expired since the defendant made his initial request on April 8, 2020, for transfer to home confinement, if it is construed as a petition to the BOP to bring a sentence reduction motion on his behalf. That request however was not made on the same factual basis for compassionate release as his motion before the Court. 28 C.F.R. § 571.61, which outlines the process for submitting a § 3582(c)(1)(A) request to the warden, requires the request contain, "at a minimum … [t]he extraordinary or compelling circumstances that the inmate believes warrant consideration." Proper exhaustion requires the inmate present the same factual basis for the compassionate-release request to the warden as he presents to the court. *See United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. 2020).

In *Mogavero*, the defendant's request to the warden for compassionate release was based on her cancer diagnosis. Her motion to the court was based on her concerns over COVID-19 exposure and her cancer diagnosis. The court found she failed to properly exhaust, as the same factual basis for compassionate release was not presented to the warden before filing her motion with the court. *Id.*

In this case the defendant made no mention of his personal medical history as a compelling reason for his request to the acting warden for transfer to home confinement. He represented that at 55 years old he was relatively healthy.  He expressed concern about remaining in custody where he could have an increased risk of exposure to the COVID-19 virus. He made no reference however to any personal risk factors for medical complications should he contract the virus in custody. [Doc. No. 308-1, at 4.]  His petition to the Court is materially different, thus this first correspondence to the BOP does not satisfy the defendant's exhaustion requirement.

The request made by his counsel on April 9, 2020, if construed as a petition to the BOP to bring a motion on his behalf, would also be ripe now, 30 days having expired since it was submitted. This communication includes as the compelling reason for his considering his early transfer to home confinement, the argument that the defendant's age and pre-diabetic condition are significant risk factors for serious complications from the virus.  While it supplements the defendant's initial communication with the BOP, it still does not include all the factors the defendant presents to the Court now to justify his sentence reduction.

The defendant's April 28, 2020, which specifically request that the BOP filed a motion for a reduction of the defendant's sentence, includes as the compelling reasons for a sentence reduction the presence of the COVID-19 virus in the facility housing the defendant and the argument that the defendant's age and pre-diabetic condition are significant risk factors for serious complications from the virus.  The requisite statutory time has not expired yet for this notice to the BOP to satisfying the defendant's exhaustion requirement.  Further, the Court notes that this latest request to the BOP still does not present all the same factual bases for the compassionate-release request to the warden as he presents to the Court.  The defendant continues to add personal risk factors to his factual basis, i.e., his newly introduced obesity argument.

/////

/////

4

Court finds the defendant has not met his exhaustion requirements. Defendant's Motion to Reduce Sentence is **DENIED without Prejudice**. He may refile the motion after properly exhausting his administrative remedies on the same grounds presented to the BOP for consideration.

IT IS SO ORDERED.

Dated: 5/18/2020

_____
Hon. Cathy Ann Bencivengo
United States District Judge