1
2
3
4
5
6                  UNITED STATES DISTRICT COURT
7                SOUTHERN DISTRICT OF CALIFORNIA
8

9   UNITED STATES OF AMERICA,              Case No.:  15cr2822-CAB
10                          Plaintiff,     **Order Denying Motion**
11  v.                                     **To Reduce Sentence**
                                           **[Doc. No. 323]**
12  FERNANDO VALDES,
13                          Defendant.
14

15          Before the Court is defendant Fernando Valdes' motion to reduce his sentence and

16  order his immediate release to home confinement under 18 U.S.C. § 3582(c)(1)(A)(i) and

17  the Coronavirus Aid, Relief and Economic Security Action (CARES Act) directive issued

18  by the U.S. Attorney General. [Doc. No. 323.]  Government opposed. [Doc. No. 328.] The

19  defendant filed a reply. [Doc. No. 331.] The Court finds the motion suitable for

20  determination on the papers.  The motion is DENIED.

21          I.      Background

22          The defendant was indicted on November 6, 2015, with others for conspiracy to

23  commit Honest Services Mail Fraud and Health Care Fraud, in violation of 18 U.S.C. §

24  1349, among other charges.  [Doc. No. 1.]  He was arraigned on the indictment and posted

25  bond on November 12, 2015.  [Doc. No. 16.]  On July 13, 2017, he entered a guilty plea

26  admitting that for at least five years he participated in a scheme to commit honest services

27  mail fraud and healthcare fraud to obtain money from California Workers' Compensation

28  insurers by submitting claims for treatments that were secured through a pattern of bribes

1

and kickbacks to doctors.  [Doc. No. 125.]  The defendant remained on bond until his sentencing which was continued until his last co-defendant entered a guilty plea, as he agreed to testify if needed.  On December 20, 2019, the Court sentenced the defendant to eight months in the custody of the Bureau of Prisons (BOP), followed by a three-year term of supervised release. [Doc. No. 291].  Defendant commenced his custodial sentence on February 3, 2020.  [Doc. No. 302.]  At this time, he has completed just over half his term of incarceration.

The defendant is a 55-year old U.S. citizen and an ordained deacon of the Episcopal Church in the Diocese of Los Angeles.  His involvement in the offense of conviction was lengthy but he was not the organizer and was cooperative with law enforcement when the scheme was detected.  He was involved in a violation of certain the financial terms of his pretrial release but reported the violation to Pretrial Services.  He was otherwise compliant while on bond and demonstrated remorse for his actions.  His criminal history was limited to one prior conviction for theft related to falsifying documents in the loan industry in 1986. His plea in that case was subsequently set aside and the case dismissed.  The defendant has no history of addiction or mental health issues.  He obtained employment during his pretrial release as the Operations Manager for St. John's Episcopal Cathedral in Los Angeles and has the support of the church leader and community.  [Doc. No. 242; Doc. No. 323-3, at 2.]

On April 8, 2020, the defendant submitted a request to the unit manager at his facility for immediate release to home confinement to avoid exposure to the COVID-19 virus.  He did not identify any personal underlying health risk and described himself as "relatively healthy." [Doc. No. 323-1, at 13.]  His attorneys subsequently supplemented his request on April 9 and 28, 2019, with medical information that the defendant had been diagnosed as pre-diabetic just prior to his self-surrender to custody.  [Doc. No. 323-1, at 7-8.]  The acting warden denied the defendant's request on May 13, 2020. [Doc. No. 323-1, at 10.] On May 19, 2020, the defendant further supplemented his request for release to home confinement with information that, based on his Body Mass Index (BMI), he is borderline obese.  [Doc.

No. 323-1, at 6.]  There is no record of any further response from the acting warden following the defendant's supplemented request.

On May 6, 2020, the defendant filed a motion under 18 U.S.C. § 3582(c)(1)(A) with the Court for a reduction in his sentence and release to home confinement.  [Doc. No. 308.]  The Court denied the motion without prejudice because the defendant's motion had not met the exhaustion requirements of § 3582(c)(1)(A).  [Doc. No. 322.]  On June 1, 2020, the defendant moved again for a sentence reduction.  [Doc. No. 323.]

As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction.  *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 2020 WL 1673440, at *3 (D. Or., April 6, 2020.)

II.    Exhaustion Requirement

Under 18 U.S.C § 3582(c), a court may not modify a term of imprisonment once it has been imposed except upon motion of the Director of the BOP, or upon motion of the defendant.  Before filing such a motion on his own, the defendant must first petition the BOP to file such a motion on his behalf.  A court may grant the defendant's own motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

The defendant initially submitted his request for release to home confinement to the BOP on April 8, 2020.  He subsequently supplemented that submission with additional information for the BOP to consider in evaluating his request, the last supplemental submission made on May 19, 2020.   Proper exhaustion requires the inmate present the same factual basis for the compassionate-release request to the warden as he presents to the court.  *See United States v. Mogavero*, 2020 WL 1853754, at *2 (D. Nev. 2020).

Thirty days had not expired at the time the defendant refiled his motion with the Court, based on all the same factors he has collectively submitted to the BOP to consider.

However, the thirty days have now expired since his final submission to the BOP, so the Court considers the motion on the merits.

### III.    Compassionate Release Considerations

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).

The Court considered the § 3553(a) factors at the time of sentencing and those considerations remain largely unchanged.  The defendant was involved in a lengthy conspiracy to fraudulently obtain money from workers' compensation insurers.  His sentence included an order of forfeiture of $192,000.  A non-violent offender with no significant criminal history, the defendant was cooperative in the investigation of the offense and was forthcoming regarding a violation of the conditions of his supervised release.  He is 55 years old, has no substance abuse or mental health issues and reported no physical health issues at the time of his sentencing.  During his pretrial release he obtained employment as the operations manager of a church and has the support of the church community.  He demonstrated great remorse for his conduct and is considered a low risk of reoffending.

The Court considered all the factors, including the seriousness of the offense, the need for general deterrence and the defendant's personal characteristics and other mitigating factors in arriving at a below guideline (21-27 months) sentence of eight months. [Doc. No. 294.]  The defendant has served approximately half of that sentence.

A factor the Court did not, could not, consider at the time of sentencing was the coronavirus pandemic and the consequences it would have on incarcerated populations. Pursuant to the Coronavirus Aid, Relief and Economic Security Action (CARES Act), PLI 116-136, Section 12003(b)(2), the U.S. Attorney General issued a directive to the Director of the BOP, upon considering the totality of the circumstances concerning each inmate, to

designate qualified inmates for home confinement to mitigate the risks of COVID-19 transmission in BOP institutions and for the safety of inmates most vulnerable to the virus and who pose the least threat to the community.

The CARES Act directive authorized the release of prisoners to home confinement who meet the following criteria: 1) demonstrate a suitable confinement plan; 2) pose no risk to society; 3) possess a low PATTERN score; and 4) have underlying CDC-defined health risks that make him most vulnerable if exposed to the virus.

The defendant has demonstrated a suitable confinement plan, is a non-violent offender and represents he has a low PATTERN score (a representation that is not disputed by the government). He does not however meet the CDC criteria of those most vulnerable to serious risk of complications if exposed to the virus, i.e., 65 or older, a chronic or serious medical condition such as diabetes, or severe obesity (BMI of 40 or higher). The defendant is 55 years old, is pre-diabetic and is borderline obese. Although he may be more vulnerable than a younger and more fit prisoner, his age and conditions do not meet the CDC criteria.

The BOP denied the defendant's request made pursuant to the CARES Act directive for release to home confinement and this Court finds that the defendant's circumstances do not meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). The defendant has no serious medical condition, and his concerns about potential exposure to the COVID-19 virus alone do not qualify as extraordinary and compelling reasons to reduce his sentence.

Defendant's Motion to Reduce his Sentence is **DENIED**.

IT IS SO ORDERED.

Dated: June 19, 2020

_____

Hon. Cathy Ann Bencivengo
United States District Judge

5

15cr2822-CAB